IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:03-cr-00041-MP-AK

QUINTON MCCLENDON,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court on Defendant Quinton McClendon's ("Defendant") Motion for Specific Performance (Doc. 550).  The United States filed a response in opposition to Defendant's motion (Doc. 568).  In his motion, Defendant asks the Court to compel the government to file a Rule 35(b) motion for a reduction of sentence.  Defendant claims that the government orally agreed to file a Rule 35(b) motion upon completion of Defendant's substantial assistance.  In its response, the United States contends that Defendant did not provide additional substantial assistance beyond that encompassed in the §5k1.1 motion and Plea and Cooperation Agreement ("Plea Agreement").

    Defendant pled guilty and entered into a Plea Agreement with the United States on January 7, 2004 (Doc. 156). The Plea Agreement was signed by Defendant and his attorney. Paragraph 4b. of the Plea Agreement states:

> If, in the sole discretion of the United States Attorney's Office, Quinton McClendon is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the United States Attorney's Office will file a 5K1.1 certification, Rule 35 or other appropriate motion with the district court.

The determination of whether to file a motion for reduction of sentence is reserved to the government. Wade v. United States, 504 U.S. 181, 185 (1992).  The government has "a power,

not a duty" to file a sentence reduction motion.  United States v. Davenport, 2006 WL 637819, at *1 (11th Cir. March 15, 2006) (quoting United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993)).  What information the defendant has, as well as its truthfulness and usefulness, must be ascertained by the government prior to deciding whether to file a Rule 35(b) motion.  Wade, 504 U.S. at 185.  The Supreme Court has determined that a federal court has the authority to review a prosecutor's refusal to file a sentence reduction motion if the Defendant makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive.  Id.  Further, a defendant's generalized, unsupported claims of substantial assistance are not sufficient in and of themselves to entitle defendant to relief.  Id. at 186.  The Eleventh Circuit has consistently applied that standard and has concluded that judicial review is only appropriate where there is "an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Davenport, 2006 WL 637819, at *1; Forney, 9 F.3d at 1501.

  In the instant case, Defendant's Plea Agreement gave the government absolute discretion to file a Rule 35(b) motion.  There is no evidence in the record to support Defendant's claim that government agents made an oral agreement that otherwise conflicts with the Plea Agreement.  *See* United States v. Griffin, 152 Fed. Appx. 860, 862 (11th Cir. 2005).  No evidence suggests that Defendant provided additional substantial assistance; in fact, Defendant's original Plea Agreement already encompassed the information Defendant now requests a Rule 35(b) motion for providing.  Further, Defendant failed to provide evidence of any bad faith on the part of the government.  *See* United States v. Holston, 129 Fed. Appx. 563, 565 (11th Cir. 2005).  Finally, Defendant makes no allegations of constitutionally impermissible motivation for the

government's refusal to file a Rule 35(b) motion.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**

Defendant's Motion for Specific Performance, Doc. 550, is DENIED.

**DONE AND ORDERED** this   *30th* day of May, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge